### HOBART *v.* MARTIN *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

ACTION — SEVERANCE AFTER REVIVAL AGAINST ADMINISTRATOR—DISCRETION OF TRIAL COURT.

Under Code Civil Proc. N. Y. § 758, providing that the estate of a person jointly liable on a contract with others shall not be discharged by his death, but that the court may make an order bringing in the personal representative of the decedent when it is necessary so to do for the proper disposition, and, where the liability is several as well as joint, that the court may order a severance of the action, so that it may proceed separately against the personal representative and against the surviving defendant, it is entirely discretionary with the court whether after such revival, in case of joint and several liability, the action shall be severed or not; and where the complaint contains one joint, and one joint and several, cause of action, such severance should not be ordered.

Appeal from special term, New York county; ABRAHAM R. LAWRENCE, Justice.

Action by Nathan Hobart against Lewis F. Martin and Norman Peck, during the pendency of which Peck died. From an order reviving the action against George Leask, executor of the last will and testament of said Peck, and refusing a severance of the action as to said defendants, said Leask appealed.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*J. Hampden Dougherty,* for appellant Leask. *Aaron Pennington Whitehead,* for respondent.

MACOMBER, J. Counsel for the appellant seems not to object to the order reviving the action against the executor of Norman Peck, deceased, but claims that the court should have severed the action, and permitted separate trials thereof. Section 758 of the Code of Civil Procedure provides that the estate of a person jointly liable upon a contract with others shall not be discharged by his death, and permits the court to make an order to bring in the personal representative of the decedent, when it is necessary so to do for the proper disposition of the matter; "and, where the liability is several as well as joint, may order a severance of the action, so that it may proceed separately against the representative of the decedent, and against the surviving defendant or defendants." Under this statute, it is entirely discretionary with the court whether, after reviving the action against the personal representative, it severs it or not, even where the whole cause of action is several as well as joint. The complaint contains two counts or causes of action, in one of which the defendants are charged jointly and severally and in the other are charged jointly. As there could not be a severance under this statute of the cause of action stated to arise from the joint liability of the original defendants, there seems to be no good reason for severance for any purpose. The order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concur.